IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, }<br>}<br>}                 Plaintiff, }<br>}<br>v.                                                                   }<br>}<br>UNITED AIRLINES, INC.                                    }<br>}<br>                Defendant. }<br>_____} | CIVIL ACTION NO.<br><br>COMPLAINT 5:18-cv-817<br><br>**JURY TRIAL DEMANDED** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Jane Doe.1  As alleged with greater particularity below, Defendant United Airlines, Inc., discriminated against Ms. Doe by subjecting her to harassment because of her sex for a period of several years, which created, enabled and perpetuated a hostile work environment from which she did not receive protections or relief by her employer, all in violation of its Title VII responsibilities to prevent and correct a sexually hostile working environment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

---

1 Given the public interest in protecting the identities of victims of stalking and preventing further psychological harm, the EEOC is utilizing a pseudonym for the United flight attendant who was subjected to harassment.

**COMPLAINT**
Page 1

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, San Antonio Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, ("United Airlines" or "United"), has continuously been doing business in the State of Texas, the City of San Antonio, Texas, and across the United States, and has continuously had at least 15 employees.

5. At all relevant times, Defendant United Airlines has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Jane Doe filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On September 12, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On November 30, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least May of 2011, and thereafter until at least July of 2016, Defendant engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)(a)(1).

11. Defendant United Airlines is an American international airline company that offers passenger and cargo air transportation services. United Airlines' corporate headquarters is located in Chicago, IL, and the company operates in over 300 airports across five continents. United Airlines operates mainland hubs in Chicago, Denver, Houston, Los Angeles, New York/Newark, San Francisco, and Washington, D.C., and employs more than 80,000 employees.

12. Defendant subjected Jane Doe to a hostile work environment based on her sex (female).

13. Ms. Doe has been employed with the Defendant as a Flight Attendant since about November of 1989.

14. From about 2002 until 2006, Ms. Doe was in a consensual intimate relationship with her United Airlines coworker, Mark Uhlenbrock ("Uhlenbrock"), a pilot and Captain, who also exercises supervisory authority over Flight Attendants during flights due to the nature of his job and rank.

15. At various times during the private and consensual sexual interactions of their relationship, Ms. Doe allowed Uhlenbrock to take photographic images and/or video of her in

provocative poses.  Uhlenbrock also took at least one photograph and/or video of Ms. Doe without her knowledge or permission.

16.     In about 2006, one of Ms. Doe's coworkers, a male San Antonio Gate Agent, informed her that he had seen nude photos of her on an internet website for "swingers."  The coworker also informed her that he was led to believe that he had been "chatting" with her online and that she appeared to have sent him additional photos via email.  Ms. Doe realized that Uhlenbrock had been posting and/or circulating nude images of her which were never intended to be anything other than intimate and private between them as a couple.  These images were posted by Uhlenbrock to pornographic websites on the internet without her knowledge or consent.  Ms. Doe ended her relationship with Uhlenbrock in 2006, when the Captain refused to cease the offensive and harmful conduct.

17.     Over the next decade, Uhlenbrock continued to regularly post sexually explicit photos, videos, and stories about Ms. Doe on the internet.  Ms. Doe came to learn that these images had been viewed by at least two of her United Airlines coworkers and were presumably accessible to tens of thousands of United Airlines personnel and coworkers, along with countless other people in the U.S. and around the world who are passengers of United Airlines, and who would have access to the internet.

18.     Uhlenbrock's posts were reasonably expected, if not calculated, to affect her terms and conditions at work.  At least some of Uhlenbrock's internet posts explicitly implicated Ms. Doe's job as a Flight Attendant by occupation, and in some cases as a Flight Attendant for United Airlines. Uhlenbrock posted partially nude images of Ms. Doe in her United Airlines Flight Attendant uniform.  He also repeatedly referred to her by her name, identified her occupation and home airport, and made clear by implication, that her employer was Defendant

United Airlines.  One post instructed prospective airline passengers to "look for her when you fly!" because she was a "new reason to 'Fly the Friendly Skies.'" (a reference to United's advertising slogan).

19. Ms. Doe diligently and aggressively pursued efforts to stop the sexually offensive conduct, which caused her intimidation, embarrassment and anxiety. This conduct interfered with the performance of her work as a Flight Attendant as personal rapport and congeniality with United's staff and customers are key elements of her successful job performance.  Ms. Doe filed three civil lawsuits of public record against Uhlenbrock in Bexar County, Texas in 2009 and 2010.  However, despite paying damages and being subject to an injunctive court order, Uhlenbrock continued to post nude images of the Flight Attendant.

20. In or about May of 2011, Ms. Doe complained to two United officials, the Dulles In-Flight Base Operations Manager and an In-Flight Supervisor, that Uhlenbrock was posting nude images of her on the internet without her permission.  Ms. Doe provided Defendant with copies of Uhlenbrock's internet postings, including the photo of her in her Flight Attendant uniform.  Defendant, however, failed or refused to take appropriate preventative or corrective action in response to Ms. Doe's complaint and information.  Uhlenbrock's actions and the failure of Defendant to address the matter effectively had the consequence of interfering with Ms. Doe's ability to perform her job and altering her working conditions.

21. On November 8, 2011, after Defendant's management officials failed to adequately address her concerns about the sex harassment, Ms. Doe filed a more formal complaint with the United Airlines Human Resources Department.  She was then interviewed and gave Defendant's managers evidence of postings, incriminating deposition testimony of Uhlenbrock, as well as information about her own efforts to stop the harassment by the Captain.

**COMPLAINT**
Page 5

Ms. Doe advised the Defendant's managers that she was concerned for her safety and that Uhlenbrock's conduct adversely affected her daily work life.

22.     As a result of the harassment by Captain Uhlenbrock, Flight Attendant Doe had no reasonable alternative but to bid on only those flights or schedules by which she could most likely avoid working together with Uhlenbrock.

23.     Defendant was aware as early as 2012, that Uhlenbrock had violated Defendant's company policies, including but not limited to its *Social Networking* and its *Built on Dignity and Respect* employer-employee policies articulating the employer's requirements and expectations for its employees.

24.     Upon review of Ms. Doe's claims, United Airlines advised her that Uhlenbrock's conduct purportedly did not constitute sex harassment in the workplace and concluded that it did not warrant intervention or action by the employer.  No written discipline was issued to Uhlenbrock.

25.     After Ms. Doe complained about the hostile work environment to the Defendant's managers in 2012, Uhlenbrock's Chief Pilot, Captain James Simons, provided a letter of reference for Uhlenbrock stating that he did not have any "flight related or training issues that have required discipline, counseling, or extra training."

26.     On or about May 11, 2012, Ms. Doe's private attorney wrote a letter to United's Executive Vice President for General Counsel and Corporate Secretary to express concerns about Uhlenbrock's continued employment.  The letter detailed Uhlenbrock's sexual harassment of Ms. Doe, her earlier complaints, and her fears about possibly having to fly with him.  Copies of court orders against Uhlenbrock from 2009 and 2010, as well as earlier emails she exchanged

with various United Airlines managers, were included with the letter seeking an appropriate response from the Defendant.

27. Ms. Doe was never advised by Defendant as to what action the employer took to address her complaints about the sex harassment. No discipline was placed in Uhlenbrock's personnel file.

28. In 2013, another Flight Attendant based in Houston, Texas, told Ms. Doe that he had found nude images of her on a pornographic website.

29. On or about September 18, 2013, Ms. Doe filed yet another complaint about Uhlenbrock's new internet postings with United's Human Resources Department. She again provided information, including dates and IP addresses, indicating that Uhlenbrock had posted the images, including but not limited to times while he was on layovers while working for the airline. During layovers, United restricts its employees' activities and pays their lodging and a per diem.

30. On or about November 1, 2013, Defendant interviewed Uhlenbrock, but otherwise failed or refused to meet its responsibilities to conduct sufficient investigation that could be reasonably calculated to be effective. As was the case at the time of the prior complaints by Ms. Doe, no adequate disciplinary, preventative or corrective action was taken by the Defendant at the time of this complaint and interview.

31. In May of 2015, the Federal Bureau of Investigations ("FBI") arrested Uhlenbrock and charged him with stalking for his continual posting of nude images of Ms. Doe without her knowledge or consent, in spite of her objections and despite the legal processes which she had pursued against him.

32. In August of 2015, a search warrant was issued and Uhlenbrock's computers were seized by the FBI. Defendant also interviewed Uhlenbrock, at which time he admitted to reposting the images of Ms. Doe online in early summer of 2015. At the time of the interview, Defendant was aware of the FBI's involvement. Despite this information, Defendant continued to employ Uhlenbrock throughout the FBI investigation and court proceedings.

33. Uhlenbrock made various admissions to the FBI, and in June of 2016, he pleaded guilty to stalking in violation of Title 18, USC 2261A(2)(B) and was sentenced to 41 months in prison.

34. Defendant granted Uhlenbrock long-term disability in January of 2016. He was paid by United Airlines and received benefits during this time.

35. Uhlenbrock remained on Defendant's payroll until July of 2016 when he was allowed to retire with full benefits.

36. Despite having employee rules of conduct, disciplinary mechanisms, applicable policies and procedures and the authority to prevent and correct the continued unlawful conduct of Uhlenbrock, Defendant failed or refused to take reasonably necessary actions to protect Flight Attendant Doe from harassment while Captain Uhlenbrock was employed.

37. Ms. Doe suffered humiliation, emotional pain and suffering, stress, inconvenience, loss of self-esteem and loss of enjoyment of life as a result of Uhlenbrock's conduct and Defendant's passive and ineffective approach to prevent and correct the reported and continued harassment. Ms. Doe suffered emotional harm attributable to the hostile environment which was perpetuated by Defendant's failure to meet its responsibilities as an employer under the law.

COMPLAINT
Page 8

38. Defendant failed or refused to take appropriate preventative or corrective action in response to Ms. Doe's multiple, repeated and specific complaints which were accompanied by information on which the employer could and should have acted.

40. Due to the emotional harm suffered as a result of the continuous harassment and the inaction by the employer, it became necessary for Ms. Doe to utilize her leave under the Family Medical Leave Act ("FMLA") in April of 2015.

41. The effect of the practices complained of in paragraphs 10-40 above has been to deprive Jane Doe of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

42. The unlawful employment practices complained of in paragraphs 10-40 above were intentional.

43. The unlawful employment practices complained of in paragraphs 10-40 above were done with malice or with reckless indifference to the federally protected rights of Jane Doe.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from engaging in any employment practice that facilitates, condones or encourages a hostile work environment based on sex (female), and from engaging in any other employment practices that discriminate on the basis of sex (female);

B. Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices;

**COMPLAINT**
Page 9

C.   Order the Defendant to make whole Jane Doe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-40 above, in amounts to be determined at trial;

D.   Order the Defendant to make whole Jane Doe by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 10-40 above, including but not limited to, humiliation, mental anguish, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial;

E.   Order the Defendant to pay Jane Doe punitive damages for its malicious or reckless conduct described in paragraphs 10-40 above, in amounts to be determined at trial;

F.   Grant such further relief as the Court deems necessary and proper in the public interest; and

G.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Philip Moss*
*by permission of Robert Canino*

_____

ROBERT A. CANINO
Regional Attorney

**COMPLAINT**
Page 10

Oklahoma Bar No. 011782

*/s/ Philip Moss*
*by permission of Edward Juarez*

———————————————
EDWARD JUAREZ
Supervisory Trial Attorney
Texas Bar No. 24019498

*/s/ Philip Moss*

———————————————
PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
Email: philip.moss@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office,
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone:    (210) 281-7636
Facsimile:    (210) 281-7669

ATTORNEYS FOR PLAINTIFF