IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) CIVIL ACTION NO. 5:18-cv-00817-FB ) |
| UNITED AIRLINES, INC., | ) ) |
| **Defendant.** | ) ) |

### JOINT RULE 26(F) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff, the United States Equal Employment Opportunity Commission ("Plaintiff"), Proposed Intervenor, Jane Doe ("Proposed Intervenor"), and Defendant, United Airlines, Inc. ("Defendant") (collectively, the "parties"), have conferred and submit the following report:

#### I.     Conference:

The parties conferred by telephone on **November 26, 2018.** Philip Moss and Eduardo Juarez were present for the Plaintiff. Colin Walsh was present for the Proposed Intervenor. Ada W. Dolph was present for the Defendant.

#### II.     Initial Disclosures:

The parties agreed to exchange their Initial Disclosures as required by Rule 26(a)(1) as follows: Plaintiff and Proposed Intervenor agree to serve their Initial Disclosures by January 11, 2019. Defendant will serve its Initial Disclosures by January 11, 2019.

#### III.     Discovery Plan:

a.     Neither party anticipates changes to the timing, form, or requirement for

disclosure under Rule 26(a) being necessary in this case.

      b.      Discovery will be conducted with respect to the issues of liability, damages, and asserted claims and defenses contained in the Original Complaint; if Proposed Intervenor's Motion is granted, the Proposed Complaint in Intervention; and the Defendant's Answer and Amended Answer. Plaintiff, Proposed Intervenor, and Defendant plan to conduct written discovery, and all parties plan to take depositions.

      c.      All discovery should be completed by the discovery deadline contained in the proposed scheduling order submitted to the Court.

      d.      All parties are amenable to early private mediation to discuss settlement.

      e.      The EEOC and the Proposed Intervenor have identified the need for a protective order covering sensitive information pertaining to the identity of Jane Doe. The parties intend to move the Court to enter a protective order regarding this issue.

      f.      The parties discussed issues pertaining to ESI and are working to negotiate a stipulation covering ESI related matters. While the parties do not consent to service of papers by electronic mail, the parties may agree to service by electronic mail on a case-by-case basis, and will evidence their agreement in writing upon each separate instance of service.

      g.      The parties do not agree on the number of depositions to be allowed in this matter. Defendant's position is that because this is a single-plaintiff employment matter in which the EEOC and Proposed Intervenor each bring a single, identical Title VII claim, the normal Federal Rules of Civil Procedure limit of ten (10) depositions total for Plaintiffs (which includes Plaintiff and Proposed Intervenor as one side) and ten (10) depositions for Defendant, should apply. *See* Fed. R. Civ. P. 30(a)(2) (providing that stipulation of the parties or leave of Court required if "the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the

plaintiffs, or by the defendants, or by the third-party defendants."); *Thykkuttathil v. Keese*, 294 F.R.D. 597, 599 (W.D. Wash. 2013) (holding that Fed. R. Civ. P. 30(a)(2) "is unambiguous in presumptively limiting the number of allowed depositions to ten per side, not per party" and "[t]he accompanying Advisory Committee Note clarifies that the ten deposition limit is to be construed as applying to each side," even in "multi-party cases").

The Plaintiff's position is that as separate parties, both the Defendant and the Proposed Intervenor are each entitled to ten depositions without seeking leave of the Court under Fed. R. Civ. Pro. 30(a)(1)-(2)(A)(i). Moreover, the Plaintiff has identified over ten integral fact witnesses and anticipates moving the Court to allow for additional depositions at a later date. At the 26(f) conference, the Plaintiff requested that the discovery plan allow for additional Plaintiff depositions, but the Defendant was not in agreement with this request.

The parties do not foresee the need for any other changes to other limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Court Rules of the United States District Court for the Western District of Texas.

Respectfully submitted,

| **ATTORNEYS FOR DEFENDANT** | **ATTORNEYS FOR PLAINTIFF** |
|---|---|

s/Ada W. Dolph_____
ADA W. DOLPH
(*admitted Pro Hac Vice*)
E-Mail: adolph@seyfarth.com
GERALD L. PAULING
(*admitted Pro Hac Vice*)
E-Mail: gpauling@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

KATHRYN C. PALAMOUNTAIN
Texas State Bar No. 24061004
E-Mail: cpalamountain@seyfarth.com.
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

s/Philip Moss (w/consent)_____
PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
E-Mail: philip.moss@eeoc.gov

EDUARDO JUAREZ
Supervisory Trial Attorney
Texas State Bar No. 24014498
E-Mail: eduardo.juarez@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669


s/Colin Walsh (w/consent)_____
Robert J. Wiley*
Texas Bar No. 24013750
Colin Walsh*
Texas Bar No. 24079538
*Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization*

WILEY WALSH, P.C.
1011 San Jacinto Blvd, Ste 401
Austin, TX 78701
Telephone: (512) 271-5527
Facsimile: (512) 201-1263
colin@wileywalsh.com
ATTORNEYS FOR PROPOSED
INTERVENOR JANE DOE

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2018, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses on file with the Court:

>Robert A. Canino (robert.canino@eeoc.gov)
>Edward Juarez (eduardo.juarez@eeoc.gov)
>Philip Jonathan Moss (philip.moss@eeoc.gov)
>U.S. Equal Employment Opportunity Commission
>San Antonio Field Office
>5410 Fredericksburg Road, Suite 200
>San Antonio, Texas 78229-3555

>s/Ada W. Dolph
>One of the Attorneys for
>UNITED AIRLINES, INC.