FILED

JAN 03 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br> And <br><br> JANE DOE, <br> Intervenor-Plaintiff, <br> v. <br><br> UNITED AIRLINES, INC., <br><br> Defendant. | § § § § § § § § § § § § § § § § § Civil Action No. 5:18-cv-00817-XR |

## CONSENT DECREE

The Parties to this Consent Decree are the Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), Plaintiff-Intervenor, Jane Doe ("Intervenor"), and Defendant, United Airlines, Inc. ("United" or "Defendant"). This Consent Decree resolves the allegations raised by the EEOC and Intervenor in the above referenced Civil Action, No: 5:18-CV-817. The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to the Intervenor, who was adversely affected by such practices. More specifically, the EEOC alleged that the Defendant subjected Intervenor to a hostile work environment because of her sex (female). Intervenor intervened in the EEOC's lawsuit and asserted the same causes of action as alleged by the EEOC under Title VII. Defendant denies that it engaged in unlawful discrimination, harassment, retaliation, or any other unlawful conduct.

The Parties wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree, with each party expressly acknowledging that this settlement is a compromise of disputed claims.

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. The Parties agree that this Court has jurisdiction of the subject matter of the claims and causes of action asserted by the EEOC and the Intervenor against United, venue is proper, and all administrative prerequisites to the filing of the complaint have been met.

2. This Consent Decree resolves all issues raised in EEOC's Complaint and Intervenor's Complaint-in-Intervention in this case. EEOC and Intervenor waive further litigation of all issues raised in the above referenced Complaints. EEOC, however, expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against United.

3. During the term of this Consent Decree, Defendant is enjoined from discriminating against any employee on the basis of sex in violation of Title VII. Specifically, Defendant shall not (1) engage in or be a party to any action, policy, or practice that has the intent or effect of discriminating against, harassing, or intimidating any employee on the basis of sex, female; and (2) create, facilitate, or permit the existence of a work environment that is hostile to female employees, on the basis of sex, including sexually harassing conduct, whether it be on or off-duty, perpetrated through the internet or social media and affecting the work environment. Defendant shall not be found to have violated this paragraph or any other term of this Consent Decree for any conduct that occurs before or after the term of this Consent Decree. Only this Court or another court of competent jurisdiction may render a final determination of liability for a violation of this paragraph.

4. Within fourteen (14) days of the entry of this Decree, Defendant, in full resolution of all disputes in this matter, shall pay to Intervenor, $321,000.00 in backpay and compensatory damages plus an additional amount for attorney's fees incurred by Intervenor's Counsel to

settle all claims raised in the Complaints filed by the EEOC and the Intervenor. A copy of the settlement checks and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Eduardo Juarez, Supervisory Trial Attorney, at 5410 Fredericksburg Rd., Suite 200, San Antonio, Texas 78229.

5. Unless otherwise expressly provided, the provisions of this Decree shall apply to Defendant's Flight Operations and Inflight facilities and employees, including Human Resources personnel, located or domiciled at the George Bush Intercontinental/Houston Airport in Houston, Texas and Washington Dulles International Airport in Virginia (hereinafter, referred to as the "Covered Territory"), and any reference to "employees" or "airports" or "hubs" in this Consent Decree shall apply only to Flight Operations and Inflight employees, airports or hubs located or domiciled within the Covered Territory.

6. Upon entry of this Decree, Defendant shall maintain its Antidiscrimination/Antiharassment Policy that prohibits discrimination and harassment on the basis of sex, outlines a procedure for making complaints or reports of discrimination or harassment, and identifies the individuals with whom complaints or reports should be filed. Further, Defendant agrees that within ninety (90) days of the effective date of this Consent Decree, it shall modify and implement its current Antidiscrimination/Antiharassment Policy to include the following additional provisions to the extent not already provided for in such policy:

(a) define and provide examples of sex discrimination and harassment, specifically addressing sexually harassing conduct affecting the work environment, whether such conduct be on or off-duty, and including when it is perpetrated through the internet or social media;

(b) provide that upon conclusion of an investigation, Defendant will promptly communicate to the complaining party that the airline has conducted an investigation and

will inform the complainant generally how the airline has addressed the matter consistent with its policies against harassment; and

(c) require all supervisors to report incidents of discrimination and/or harassment to any other supervisors, managers or officers charged with investigating discrimination complaints.

7. Within ninety (90) days of the effective date of this Consent Decree, Defendant shall distribute the Antidiscrimination/Antiharassment Policy as modified pursuant to this Consent Decree to its current employees based in the United States and its territories, along with a cover letter summarizing the changes made to the policy including modifications to the off duty conduct and social media provisions. Defendant shall certify in writing to the EEOC within ninety (90) days of the effective date of this Consent Decree that it has complied with this provision. Furthermore, during the remaining term of this Consent Decree, Defendant shall continue to distribute its EEO Policy and Complaint Procedures to each employee hired during the term of this Consent Decree. Defendant shall certify in writing to the EEOC within thirty (30) days of the anniversary of the effective date of this Consent Decree that Defendant has provided a copy of these policies to all employed during the year of that annual anniversary.

8. During the term of this Consent Decree, Defendant shall provide the EEOC with written notice in the event that Defendant revises the EEO Policy or Complaint Procedures referenced above as being implemented pursuant to this Consent Decree.

9. Within twelve (12) months of the effective date of this Consent Decree, Defendant shall provide in-person refresher Equal Employment Opportunity training to the Flight Operations and Inflight management employees domiciled in the Covered Territory and the Human Resources personnel supporting the Flight Operations and Inflight personnel domiciled in the Covered Territory. The training shall include the modified

Antidiscrimination/Antiharassment Policy and provide guidance on what conduct constitutes unlawful employment practices under Title VII, including but not limited to, Title VII's prohibitions against sex discrimination and harassment and shall cover:

a. a legally sufficient definition of sex discrimination and harassment;

b. examples of comments and conduct, that alone, or together, constitute sex discrimination and harassment, including sexually harassing conduct affecting the work environment, whether on or off-duty, and including when such conduct is perpetrated through the internet or social media;

c. Defendant's complaint procedures, practices, and programs;

d. the damaging effects that discrimination causes to victims, their families and co-workers, and the workplace environment; and

e. the training shall additionally include direction on how to receive and report to designated officials complaints of sex discrimination; and how to take preventive and corrective measures against discrimination and any subsequent retaliation. The training of managerial employees shall sensitize managers to subtle complaints of discrimination and retaliation and how to properly identify and address such complaints; instruct managers of their responsibility to promptly inform the human resources department of all complaints; and instruct managers on the prohibition against retaliation. The training shall be in person. The training shall be conducted by an experienced outside consultant or a licensed attorney who specializes in employment law. The consultant or attorney selected shall send a copy of the training presentation and outline to the EEOC at least fifteen (15) days before any training session occurs.

10. The purpose of the training shall be to give the participants a thorough understanding of workplace sex discrimination and sex harassment, and Defendant's obligations and commitments to prevent and correct such in the workplace.

11. After conducting the initial training specified in paragraph 9, above, Defendant will conduct one (1) subsequent Antidiscrimination/Antiharassment training for the Flight Operations and Inflight management employees domiciled in the Covered Territory and the Human Resources personnel supporting the Flight Operations and Inflight personnel

domiciled in the Covered Territory. This additional training will be conducted in person or through electronic means.

12. For each training session conducted, Defendant shall generate a registry containing the dates of training and the handwritten or electronic signatures of all persons in attendance. Defendant shall provide the EEOC a copy of the registry within sixty (60) days following each training session conducted. Each registry shall be retained by Defendant for the duration of the Consent Decree.

13. For the term of this Consent Decree, Defendant shall maintain a written hardcopy or electronic log of all complaints of sex discrimination and/or harassment, and which specifically identifies sex harassment complaints involving alleged conduct perpetrated through the internet or social media. This log will include the results of all investigations into complaints of sex discrimination and/or harassment. Defendant will submit copies of these logs to the EEOC upon request.

14. Within thirty (30) days of the effective date of this Consent Decree, Defendant shall designate the director of its Ethics & Compliance Office ("E&C"), which in 2018 assumed investigation oversight as to all harassment and discrimination complaints reported to the Company through all reporting avenues including to Human Resources, managers, and the compliance hotline, to ensure Defendant's compliance with this Decree, the provisions of Title VII that prohibit sexual harassment and related retaliation and to respond to any claims by Intervenor of retaliation. For the term of the Decree, the E&C's responsibilities shall include:

   (a) Review and approve any revisions to Defendant's sex harassment policies and procedures, including the complaint procedures relating to sexual harassment and

related retaliation to ensure that they fully comply with Title VII and all the requirements of this Decree;

(b) Ensuring that all employees, including management, supervisory, and human resources employees, are trained on Defendant's revised policies and procedures relating to discrimination, harassment and retaliation;

(c) Ensuring that investigations of all complaints of sexual harassment and related retaliation are complete and fair to ensure compliance with Title VII and this Decree and conducted by persons trained in conducting investigations;

(d) Ensuring that Defendant properly communicates with complainants of sexual harassment and related retaliation;

(e) Ensuring that Defendant takes appropriate action regarding substantiated complaints of sex harassment and related retaliation;

(f) Ensuring that Defendant takes appropriate corrective action as needed to prevent future harassment or retaliation.

15. Within ten (10) days of the effective date of this Consent Decree, Defendant shall post copies of the Notice to All Employees, attached as Exhibit A (hereinafter "Notice"), at Defendant's facilities within its Flight Operations and Inflight departments located in the Covered Territory, in a conspicuous location easily accessible to and commonly frequented by employees including pilots. The Notice shall remain posted for the duration of this Consent Decree. Defendant shall ensure that the posting is not altered, defaced, or covered by any other material. Defendant shall certify in writing to the EEOC within twenty (20) days of the effective date of this Consent Decree that it has complied with this provision.

16. During the term of this Consent Decree, the EEOC may review Defendant's compliance with this Consent Decree. As a part of such review, the EEOC may require written reports regarding compliance and request relevant documents.

17. The terms of this Consent Decree shall be binding upon the EEOC, Intervenor and Defendant, their agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

18. The parties to this Consent Decree shall bear their own costs and attorney's fees incurred in this action as of the date of entry of this Consent Decree by the Court.

19. The duration of this Decree shall be two (2) years from the date of its entry with the Court. The Parties agree that the Court shall retain jurisdiction of this case during the term of this Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification and/or adjudication of disputes.

20. If the EEOC believes that Defendant has not complied with any term or provision of this Consent Decree, it shall provide written notice of the alleged non-compliance prior to taking any action thereon (the "Notice of Alleged Non-Compliance"). The Notice of Alleged Non-Compliance shall include the Paragraph(s) of this Consent Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis of the EEOC's claim of non-compliance. Defendant shall have twenty-one (21) days from receipt of the Notice of Alleged Non-Compliance to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The twenty-one (21) day period may be extended by written agreement executed by the EEOC and Defendant. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Western District

of Texas, San Antonio Division.

21. When this Decree requires the submission by Defendant of documents or other materials to the EEOC, such documents or other materials shall be mailed to Eduardo Juarez, Supervisory Trial Attorney, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

22. This Consent Decree shall become final and effective for all purposes upon approval and entry by the Court. The "effective date" shall be utilized for the calculation of all time periods and actions required pursuant to this Consent Decree.

SO ORDERED AND ENTERED this 3rd day of January, 2019.

HONORABLE XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM AND SUBSTANCE:

| ATTORNEYS FOR DEFENDANT | ATTORNEYS FOR PLAINTIFF |
|---|---|
| | SHARON FAST GUSTAFSON<br>General Counsel |
| ADA W. DOLPH<br>(*admitted Pro Hac Vice*)<br>E-Mail: adolph@seyfarth.com<br>GERALD L. PAULING<br>(*admitted Pro Hac Vice*)<br>E-Mail: gpauling@seyfarth.com | GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br><br>Edward Juarez by permission of<br>Robert A. Canino<br><br>ROBERT A. CANINO<br>Regional Attorney<br>Oklahoma State Bar No. 011782 |
| **SEYFARTH SHAW LLP**<br>233 S. Wacker Drive, Suite 8000<br>Chicago, Illinois 60606<br>Telephone: (312) 460-5000 | |

9

Facsimile: (312) 460-7000

KATHRYN C. PALAMOUNTAIN
Texas State Bar No. 24061004
E-Mail: cpalamountain@seyfarth.com.

**SEYFARTH SHAW LLP**
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

*Edward Juarez*
EDWARD JUAREZ
Supervisory Trial Attorney
Texas State Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

*Philip Moss*
PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
E-Mail: philip.moss@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

**ATTORNEYS FOR INTERVENOR-PLAINTIFF**

Robert J. Wiley*
Texas Bar No. 24013750
Colin Walsh*
Texas Bar No. 24079538
*Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization*

**WILEY WALSH, P.C.**
1011 San Jacinto Blvd, Ste 401
Austin, TX 78701
Telephone: (512) 271-5527
Facsimile: (512) 201-1263
E-Mail: colin@wileywalsh.com

## EXHIBIT A

## NOTICE TO ALL EMPLOYEES

**This NOTICE will be conspicuously posted for a period of two (2) years at this facility. It must not be altered, defaced, or covered by any other material.**

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers, and lower overall employee morale and productivity. It is the policy of United Airlines, Inc. ("United") that discrimination based on sex is unacceptable and will not be condoned. This is a zero tolerance policy.

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on discrimination based on sex and to reiterate United's policy on sex-based discrimination, including harassment as defined by Title VII.

**SCOPE:** This policy extends to all employees of United, including management, non-management, and temporary/probationary employees.

**DEFINITION:** Sex discrimination means treating someone less favorably because of their sex. Examples of violations covered under Title VII include:

- **Employment Decisions:** Title VII prohibits any employment decision, including recruitment, hiring, and firing or layoffs, based on sex;

- **Harassment:** Title VII prohibits offensive conduct, including unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature, that creates a hostile work environment based on sex. Such conduct includes sexually harassing conduct that affects the work environment, whether on or off-duty, and including when perpetrated through the internet or social media. Employers are required to take appropriate steps to prevent and correct unlawful harassment. Likewise, employees should report harassment as soon as they become aware of it;

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding discrimination. All employees are expected to read, understand, and follow United's Working Together Expectations, including Reporting Offensive Workplace Behavior: Employees' Responsibilities.

**REPORTING PROCEDURES:** Supervisors who receive complaints will promptly notify a manager or Human Resources representative who is responsible for addressing and investigating complaints of discrimination. A person either alternatively, or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity

Commission for the purposes of filing a charge of employment discrimination. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken immediately by United's Ethics & Compliance Department. The investigation may include interviews of employees and supervisors at the facility.

**PUNISHMENT FOR VIOLATION:** Employees, including supervisors and managers, who engage in sex discrimination, including but not limited to harassment, can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding, or hearing under Title VII of the Civil Rights Act of 1964. United will not punish you for reporting sex-based discrimination, including harassment, simply because you have made a complaint under the above guidelines.

Signed this 18th day of December, 2019.

12-18-19
Date

United Airlines, Inc.

59500263v.3

12